IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **ANTHONY WILSON,** ) | |
| **Petitioner,** ) | |
| ) | **Civil Action No. 1:19-00438** |
| **v.** ) | |
| ) | |
| **DAVID RICH,** ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Supplemental Petition. (Document Nos. 1 and 4.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Section 2241 Petitions, the undersigned finds and respectfully recommends that Petitioner's Petitions should be dismissed.

## FACT AND PROCEDURE

On June 7, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition, Memorandum in Support, and Supplemental Petition.[1] (Document Nos. 2, 3, 4.) In his Petition, Petitioner challenges the validity of his sentence citing United States v. Burris, 912 F.3d 386 (6th Cir. 2019), Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), and Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).[2] (Id.) Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, 570 U.S. 254, 133

argues that in light of Burris, his career offender sentencing enhancement is now invalid. (Id.) Petitioner states that the predicate offenses for his career offender enhancement were two Ohio felonious assaults. (Id.) Petitioner acknowledges that at the time of his sentencing, "it was undisputed that Ohio's felonious assault statute was categorically a crime of violence." (Id.) Petitioner states that after his direct appeal and first Section 2255 Motion, the Sixth Circuit issued its decision in Burris. (Id.) Petitioner contends that Burris held that Ohio's felonious assault is not categorically a crime of violence.[3] (Id.) Finally, Petitioner claims he may properly assert the above challenge to his sentence based on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). (Id.) Petitioner contends that his sentencing enhancement constitutes a fundamental defect.[4] (Id.) As

---

S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

[3] Petitioner's reliance upon *Burris*, *Mathis*, and *Descamps* is misplaced as such does not apply retroactively in this Circuit or the Sixth Circuit where Petitioner was sentenced. *See Cox v. Wilson*, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); *Copeland v. Kassell*, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); *Walker v. Kassell*, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014)(finding that Descamps did not announce a new rule that is retroactive on collateral review); *Lynch v. Young*, 2020 WL 5882205 (S.D.W.Va. Aug. 5, 2020(rejecting petitioner's Section 2241 claim that *Burris*, *Descamps*, and *Mathis* constituted an intervening change in substantive law that retroactively nullified his career offender enhancement), *report and recommendation adopted*, 2020 WL 5834350 (S.D.W.Va. Sep. 30, 2020); *Hatcher v. United States*, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); *Stewart v. United States*, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); *Morris v. Masters*, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive), *aff'd*, 697 Fed.Appx. 165 (4th Cir. 2017); *Payton v. United States*, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); *Briscoe v. United States*, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), *appeal dismissed*, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same).

[4] Fourth Circuit procedural law as set out in *Wheeler* governs the question of whether a claim of error is a "fundamental defect" satisfying the savings clause requirement. *Wheeler*, 886 F.3d at 429; *Hatfield v. Young*, 2019 WL 4196613, *10 (S.D.W.Va. June 7, 2019), *report and recommendation adopted*, 2019 WL 4197117 (S.D.W.Va. Sep. 3, 2019), *aff'd*, 790 Fed.Appx. 547 (4th Cir. 2020). Petitioner argues that the sentencing court erred in determining Petitioner to be a career offender under the advisory Guidelines. In *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015), the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. *Foote*, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would

relief, Petitioner requests that he be resentenced without the career offender enhancement.[5] (Id.)

By Order entered on July 8, 2019, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and Supplemental Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Id., Document No. 10.) On August 19, 2019, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 8.) Respondent argues that this Court lacks jurisdiction to consider Petitioner's Petition under Section 2241 and his Petition should be dismissed. (Id., pp. 3 – 9.) By Order and Notice entered on August 21, 2019, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document 15.) Petitioner, however, failed to file a Reply.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472,

---

again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941. Thus, Petitioner cannot satisfy the fourth *Wheeler* requirement based upon his claim of error in the application of the advisory Guidelines. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018)(recognizing that a petitioner could not satisfy the fourth *Wheeler* requirement ("error sufficiently grave to be deemed a fundamental defect)" based upon the petitioner's misclassification as a career offender under the advisory Guidelines); *also see Kornegay v. Warden*, 748 Fed.Appx. 513, 514 (4th Cir. 2019)(finding petitioner could not satisfy the fourth *Wheeler* requirement because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition); *but see Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2008)(finding that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the Sentencing Guidelines were mandatory). The undersigned, therefore, finds that Petitioner cannot satisfy the second and fourth prongs of the *Wheeler* test.

[5] On March 6, 2007, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846 (Count One) and one count of possession of a firearm during a drug conspiracy in violation of 18 U.S.C. § 924(c)(1) (Count Six). *United States v. Wilson*, Case No. 1:06-cr-00290 (N.D.Oh. May 7, 2007), Document No. 365. As part of his Plea Agreement, Petitioner agreed he was a career offender. *Id.*, p. 4. A Sentencing Hearing was held on May 7, 2007, and the Court determined Petitioner was a career offender under United States Sentence Guidelines. *Id.*, Document Nos. 476, 477, 637. The District Court, however, granted Petitioner a downward variance and sentenced Petitioner to a total term of imprisonment of 240 months, to be followed by an eight year term of supervised release. *Id.*, Document Nos. 477. On May 11, 2007, Petitioner filed his Notice of Appeal. *Id.*, Document No. 491. By Order entered on November 5, 2009, the Sixth Circuit affirmed the District Court's judgment. *Id.*, Document No. 721; *United States v. Wilson*, 351 Fed.Appx. 94 (6th Cir. 2009).

477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[6] and the absence of collateral consequences, and therefore, his Section 2241 Petitions must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

---

[6] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 27, 2021.

---

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 2 and 4) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 8, 2022.



Omar J. Aboulhosn
United States Magistrate Judge